THE BICKEL LAW FIRM, INC.
Brian J. Bickel, State Bar No. 205646
Brian K. Cline, State Bar No. 246747
Larry W. Chae, State Bar No. 268979
larrychae@bickellawfirm.com
750 B Street, Suite 1950
San Diego, California 92101
Telephone:  (619) 374-4100
Facsimile:   (619) 231-9040

Attorneys for Plaintiff CORY PEDERSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY PEDERSON,<br><br>          Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC, and DOE 1 through DOE 10 inclusive,<br><br>          Defendants, | Case No.  **'11CV0929 BTM CAB**<br><br>COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

Plaintiff alleges:

### I.

### JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332. Plaintiff CORY PEDERSON (hereinafter "Plaintiff") is, and at all times mentioned herein was, a competent adult.  Plaintiff at all times mentioned herein was a citizen of California.

2.     Defendant GENERAL MOTORS, LLC is a limited liability company organized under the laws of Delaware, having its principal place of business in Michigan, and having as its sole member General Motors Company, a Delaware

1
COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

corporation with its principal place of business in Michigan. For diversity purposes, Defendant GENERAL MOTORS, LLC, is a citizen of the states of Delaware and Michigan.

3. The amount in controversy, without interest and costs, exceeds $75,000.00, as specified by 28 U.S.C. §1332.

## II.

## VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

4. Defendants DOE 1 through DOE 10 inclusive are sued herein. DOE 1 through DOE 10 are each independently, or as a representative of another defendant in this suit, responsible in some manner for the causes of action set forth herein and the damages sustained by Plaintiff.

5. Plaintiff purchased the subject 2009 GMC Yukon, VIN: 1GKFK03249R277474 ("the subject vehicle") on or about December 20, 2009 from Reynolds Buick, Inc. in West Covina, California. The subject vehicle is a new motor vehicle that was bought primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was bought or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state. The subject vehicle is a "new motor vehicle" under the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq ("the Act").

6. Reynolds Buick, Inc. is engaged in the business of distributing or selling consumer goods at retail. Plaintiff is a "buyer" under the Act.

7. GENERAL MOTORS, LLC manufactures, assembles, or produces consumer goods. GENERAL MOTORS, LLC is a "manufacturer" under the Act.

8. GENERAL MOTORS, LLC issued an "express warranty" to Plaintiff in which, *inter alia*, GENERAL MOTORS, LLC undertook to preserve or maintain the utility or performance of the subject vehicle. Said warranty was an integral factor in Plaintiff's decision to purchase the subject vehicle.

9. The subject vehicle has suffered from nonconformity(s) to warranty, including, but not limited to, defect(s) which have manifested in recurrent activation of the check engine light ("CEL"), the reduced engine power light, and the SES light, as well the recurrent, and unexpectantly sudden, loss of engine power. Said nonconformity(s) have substantially impaired the vehicle's use, value, or safety to Plaintiff.

10. Plaintiff has delivered the vehicle to GENERAL MOTORS, LLC or its authorized repair facility(s) for repair of said nonconformity(s). GENERAL MOTORS, LLC or its authorized repair facility(s) have failed to service or repair the subject vehicle to warranty after a reasonable number of attempts.

11. The subject vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade. GENERAL MOTORS, LLC breached the implied warranty of merchantability and implied warranty of fitness. Plaintiff is entitled to revoke acceptance of the subject vehicle under the Act.

12. GENERAL MOTORS, LLC has not replaced the vehicle or otherwise made restitution to Plaintiff pursuant to its obligations under the Act.

13. Plaintiff is informed and believes and thereupon alleges that GENERAL MOTORS, LLC's refusal to replace the vehicle or make restitution to Plaintiff was wilful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

14. Pursuant to the Act, Plaintiff is entitled to replacement of the vehicle with a new motor vehicle substantially identical to the vehicle replaced and any sales or use tax, license fees, registration fees, and other official fees which the buyer is obligated to pay in connection with replacement, or restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for

repair.

15. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

16. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for GENERAL MOTORS, LLC's wilful refusal to comply with its statutory obligations under the Act.

17. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

WHEREFORE, Plaintiff prays judgment against GENERAL MOTORS, LLC as follows:

1. For actual damages, including collateral charges, and incidental, consequential, and general damages. To date, such damages include, but are not limited to Plaintiff's down payment ($500.00), monthly payments (totaling $14,289.52 through July 13, 2011), additional monthly payments as necessary, and, in amounts according to proof, vehicle registration expenses, rental car expenses, towing expenses, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiff in connection with this action; and

2. For a civil penalty up to two times the amount of actual damages ($120,583.46); and

3. For rescission of the contract and restitution of consideration; and

4. For interest on said sum from date of rescission to date of judgment herein; and

5. For attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action; and

6. For costs of suit incurred in connection with the commencement and prosecution of this action; and

7. For such other and further relief as the court deems proper.

WHEREFORE, Plaintiff demands trial by jury.

DATED: April 29, 2011                        THE BICKEL LAW FIRM, INC.
                                             Attorneys for Plaintiff

                                             By: _____
                                                 LARRY W. CHAE

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CORY PEDERSON

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
THE BICKEL LAW FIRM, INC.
750 B St., Ste. 1950, San Diego, CA 92101  Tel. (619) 374-4100

## DEFENDANTS
GENERAL MOTORS, LLC, and DOE 1 through DOE 10 inclusive,

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  **'11CV0929 BTM CAB**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 yeb | | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 yeb | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332                                               28:1331 yeb
Brief description of cause:
Violation of California's Song-Beverly Consumer Warranty Law (Cal. Civ. Code §1790 et seq.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  135,372.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE  04/29/2011
SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:     U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.